**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-03196-CMA-STV

JEFF ROBINSON,

Plaintiff,

v.

UNIVERSITY OF DENVER,

Defendant.

---

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S NON-STIPULATED AND COMPETING JURY INSTRUCTIONS**

---

Defendant University of Denver ("DU"), by and through its undersigned counsel, provides the following arguments with respect to Plaintiff's Non-Stipulated and Competing Proposed Jury Instructions.

## I. STATEMENT OF THE CASE

DU objects to the second paragraph of Plaintiff's non-stipulated "Statement of the Case" jury instruction. Specifically, Plaintiff frames the allegations in this paragraph as though the arguments he makes were proven fact, rather than merely his contentions. *See* Plaintiff's Non-Stipulated Statement of the Case (Plaintiff asserting that "DU's management created an environment which discouraged Mr. Robinson from taking leave for his surgery."). Plaintiff also makes a number of assertions and slanted characterizations of the facts that are prejudicial to DU and not supported by the evidence in the record. *See* Plaintiff's Non-Stipulated Statement of the Case (Plaintiff alleging that:

"Before he was going to request temporary leave to undergo surgery, Mr. Robinson's immediate supervisor indicated in writing that DU would not grant him extended leave."). More importantly, however, Plaintiff's assertions in this paragraph largely relate only to his now-dismissed ADA and Rehabilitation Act claims and his contention that he was unfairly terminated due to his disability even though he had an upcoming surgery which would have (allegedly) obviated his need for accommodations. These arguments have no relevance to Plaintiff's Title VII retaliation and FMLA interference claims; they relate solely to the ADA and Rehabilitation Act claims, which this Court dismissed in its Order Granting in Part and Denying in Part DU's Motion for Summary Judgment. (Dkt. 38).

As Plaintiff's ADA and Rehabilitation Act claims have already been rejected by the Court, DU objects to Plaintiff's attempt to bring these allegations (relevant only to his already-dismissed failure-to-accommodate claim) before the jury. While DU attempted to confer with Plaintiff's counsel with respect to these objections, Plaintiff's counsel provided no rationale for the proposed statements but stated only that he would not remove the language at issue unless DU removed its discussion of the lawful reasons for which it terminated Plaintiff's employment from the paragraphs which follow. DU's statements regarding its reasons for terminating the Plaintiff's employment, however, represent the entirety of its defense to Plaintiff's Title VII retaliation claim (i.e. an explanation of DU's legitimate, non-discriminatory reason for its decision to terminate Plaintiff's employment). Thus, DU cannot remove these arguments while still maintaining its central defense to Plaintiff's Title VII claim. Plaintiff's tit-for-tat request would effectively restrict DU to merely

disputing that Plaintiff was fired for giving an interview, and deny DU the ability to show the jury DU's reason for his termination.

Plaintiff's proposed arguments regarding the August surgery and its purported ability to alleviate his sleep apnea symptoms are simply not relevant to his Title VII retaliation and FMLA interference arguments of allegedly being terminated due to participating in an internal investigation, or of DU allegedly interfering with his ability to take FMLA leave. Thus, DU objects to this language being included in the jury instruction on the Statement of the Case.

## II. PRETEXT

DU objects to Plaintiff's non-stipulated instruction on pretext on the grounds that it is inappropriate given the facts of the case, and Plaintiff failed to provide sufficient authority in support of the instruction. As an initial matter, the language in this instruction does not appear to have been based upon language from any form or model set of jury instructions, but instead appears to have been crafted solely by Plaintiff's counsel.

Further, the authorities which Plaintiff cites in support of this instruction are problematic for a number of reasons. As an initial matter, most of the authorities cited by Plaintiff are cases that address claims of discrimination, rather than cases addressing a retaliation claim like Plaintiff's. *See Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133 (2000) (addressing only an ADEA discrimination claim); *Townsend v. Lumbermens Mut. Cas. Co.*, 294 F.3d 1232, 1241 (10th Cir. 2002) (addressing only a discrimination claim). As there are differing causation standards for discrimination and retaliation claims (motivating factor versus but-for causation), Plaintiff has made no

showing that these authorities are even applicable. *See, e.g., Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013) ("Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened causation test stated in § 2000e–2(m). This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer.").

In addition, the Tenth Circuit in *Townsend v. Lumbermens Mutual Casualty Co.*, 294 F.3d 1232, 1241 (10th Cir. 2002) clarified that a pretext instruction is not required if a fact-finder could not reasonably find that the defendant's explanation for an adverse employment action was false and then infer from that falsity that the employer was covering up an unlawful motive. *Id.*; *see also Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 134–35 (2000) ("Certainly there will be instances where, although the plaintiff has established a prima facie case and introduced sufficient evidence to reject the employer's explanation, no rational factfinder could conclude that discrimination had occurred."). This is the case here, as Robinson cannot dispute the fact that DU first made the decision to terminate his employment on June 12, 2017, and that he did not engage in the protected activity at issue until 10 days later, on June 22, 2017. *See* Ex. 1 (Robinson Depo.), at 138:5-143:23, 202:1-20. Thus, even if a jury were to disbelieve DU's stated reason for terminating Robinson's employment (i.e. that he could not perform the essential functions of his job), it still could not necessarily and reasonably conclude that DU's real reason for deciding to terminate his employment was retaliation for protected activity in which Robinson had not yet engaged.

Notably, Robinson has put forth no evidence to call into question DU's proffered reason for terminating his employment. The Court so concluded in ruling that "there is no genuine dispute that at the time Robinson was fired, he was not 'qualified' for the Senior Database Administrator job because he could not perform the job, even with a reasonable accommodation. Order (Dkt. 38), at 8. The instruction that Robinson has offered on pretext is inappropriate on this basis alone.

## III. FMLA INTERFERENCE CLAIM

The Parties' dispute as to this jury instruction is solely with respect to the language contained in Paragraph 4. Specifically, Plaintiff disputes DU's proposed language in Paragraph 4 that DU "**interfered with**, restrained, or denied Plaintiff's entitlement to take time off from work." Plaintiff seeks to alter this language so that it reads: DU "**discouraged,** restrained, or denied Plaintiff's entitlement to take time off from work."

Defense counsel attempted to confer with Plaintiff's counsel with respect to this dispute, and defense counsel explained to Plaintiff's counsel that the language at issue in DU's proposed instruction was taken verbatim from the current model instructions contained in Federal Jury Practice and Instructions, which this Court's Civil Practice Standards provide the Court generally follows. 3C Fed. Jury Prac. & Instr. § 179:26 (6th ed.); CMA Civ. Practice Standard 43.1H-(e). Plaintiff's counsel offered no basis for his proposed change to the model jury instruction language. Plaintiff's proposed change to the model language is neither warranted nor appropriate, particularly since the issue at trial is whether a supervisor's alleged "discouragement" constitutes "interference." By

defining FMLA interference to include the word “discourage,” Plaintiff essentially seeks to answer that question for the jury.

Dated this 25th of February, 2021.

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

*s/ Rayner Mangum*
Jim Goh
Rayner Mangum
600 17th Street, Suite 2700S
Denver, CO 80202
Telephone: 720.343.7560
Facsimile: 720.343.7559

rmangum@constangy.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th of February, 2021, I electronically filed the foregoing **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S NON-STIPULATED PROPOSED JURY INSTRUCTIONS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Christopher M.A. Lujan
christopher@empowerlawdenver.com

*Attorney for Plaintiff*

s/ Hannah Owen
***Hannah Owen,*** Paralegal